UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRI HASTINGS | | |
| Plaintiff | CIVIL DOCKET NO.: | _____ |
| vs. | DISTRICT JUDGE: | _____ |
| MWIII HOSPITALITY LLC D/B/A RENAISSANCE BATON ROUGE HOTEL | MAGISTRATE: | _____ |
| Defendant | | |

## COMPLAINT CONCERNING PROHIBITED DISCRIMINATION AND UNLAWFUL RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

**NOW COMES** Plaintiff, Terri Hastings, by and through her undersigned attorney, who hereby submits the following Complaint for Discrimination and Retaliation Contrary to the Laws of the United States, in the following particulars:

**I.   JURISDICTION AND VENUE**

1.

Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (hereinafter referred to as "the ADA").

2.

The Court's jurisdiction is based upon 28 U.S.C. §1331 and §1343 (3) and (4).

3.

Venue is appropriate in this Judicial District under 28 U.S.C. §1391(b), as the events giving rise to Plaintiff's Complaint occurred within the Court's territorial boundaries.

4.

Plaintiff shows that, prior to filing the instant pleading, she submitted an administrative Complaint concerning the discriminatory actions described below to the Louisiana Commission on Human Rights. In response to said Complaint, Plaintiff was issued the attached Dismissal and Notice of Rights form from the aforementioned Commission on April 30, 2014. Accordingly, Plaintiff shows that all procedural barriers to filing the instant lawsuit have been satisfied and that her case is now ripe for judicial determination.

**II.   PARTIES**

5.

Plaintiff is a citizen of the United States and a major, competent resident of the Parish East Baton Rouge, State of Louisiana.

6.

The Defendant, WMIII Hospitality, LLC, is a domestic Limited Liability Company likewise domiciled in this Parish.

7.

The Defendant employs over Twenty (20) full-time employees in said Parish and is, to Plaintiff's knowledge, subject to the provisions of the ADA in all other respects.

8.

Plaintiff suffers from Adult Attention Deficit / Hyperactivity Disorder ("ADHD"), a condition that significantly limits one or more of her major life activities (i.e. concentration, cognitive function, ability to learn and retain information, etc.).

9.

In the alternative, Plaintiff contends that she was perceived as suffering from such a

debilitating condition by the Defendant's supervisory personnel.

10.

Thus, Plaintiff is a qualified individual with a disability, as defined under the ADA, which, in turn, requires employers to make reasonable accommodations for their disabled employees, where doing so will allow these workers to perform their essential job functions without significant disruption to the workplace.

### III.   VIOLATIONS OF THE ADA – DISCRIMINATION

11.

Contrary to the requirements of the ADA, the Defendant has denied Plaintiff all such accommodations and other benefits guaranteed under federal law. The facts surrounding said denial are as follows:

a) In December of 2012, Plaintiff was employed by the Defendant as a Reservation Coordinator at the Renaissance Hotel in Baton Rouge, Louisiana. Plaintiff had held said position since September of 2011, and had worked in similar positions for nearly Eleven years while employed by said hotel's predecessor, the Baton Rouge Marriott.

b) Throughout Plaintiff's aforementioned, eleven-year tenure with said hotels, her performance reviews were consistently positive, and she received frequent praise from her superiors with regard to her job skills.

c) Nevertheless, at the end of 2012, Plaintiff received an extremely negative written performance evaluation from her immediate supervisor, Aaron Chopin.

d) Some time later, Plaintiff met with Mr. Chopin to discuss his evaluation and her perceived shortcomings. At the meeting, Mr. Chopin complained that Plaintiff "asked the same question twenty times a day" and further stated that "10-year-olds could do a better job."

e) At this point, Plaintiff apologized and informed Mr. Chopin that she suffers from adult ADHD, a mental condition which causes, in certain situations, severely limited focus, shortened periods of sustained concentration, and lowered cognitive ability.

f) After describing these and other symptoms to Mr. Chopin, Plaintiff went on to suggest several possible accommodations that could be implemented (at minimal cost and with minimal disruption) in order to boost Plaintiff's work product in the future.

| | |
|---|---|
| | These included removing Plaintiff from crowded and/or noisy work-spaces, and allowing plaintiff to work longer and/or modified schedules in order to ensure thoroughness and accuracy. |
| g) | Mr. Chopin refused to implement any of these suggestions. Instead, Plaintiff received a written reprimand shortly thereafter, and was told to "transfer to the kitchen" if she could no longer handle her office job. |
| h) | In response, Plaintiff complained to the Defendant's Director of Human Resources, Ryan Holliday, informing him of her medical condition and of Aaron Chopin's refusal to provide accommodations in accordance with law. In addition, Plaintiff informed Mr. Holliday that she had recently been prescribed Adderall, a medication used to treat ADHD, and that her doctor had not yet settled on a proper dosage. |
| i) | Upon learning of Plaintiff's prescription, Mr. Holliday asked if Adderall could be utilized as a weight-loss drug. However, no further discussions concerning Plaintiff's condition or her requested accommodations took place that day. Instead, Aaron Chopin began cutting Plaintiff's work hours soon thereafter. |
| j) | Finally, Plaintiff was fired on or around March 15, 2012, due to alleged "work habit issues." |

12.

Plaintiff contends that this justification was a mere pretext for disability discrimination, which was, in reality, a major motivating factor underlying the Defendant's decision to terminate Plaintiff's employment.

### IV. VIOLATIONS OF THE ADA – RETALIATION

13.

Prohibited retaliatory animus also played a part in the defendant's decision to fire Plaintiff, as evidenced by Aaron Chopin's reduction of Plaintiff's work hours shortly after her failed attempt to seek assistance throgh human resources personnel. This animus was shared by Mr. Chopin, Mr. Holliday, and possibly others within the Defendant's organization, and ultimately led to Plaintiff's separation in clear violation of the law.

## V. VICARIOUS LIABILITY

14.

Under the doctrine of *respondeat superior*, an employer is vicariously liable for injuries caused by its employees' acts or omissions committed within the course and scope of their employment and in furtherance of their employer's business interests. *Sobieski v. Ispat Island, Inc.*, 413 F.3d 628 (7th Cir. 2005).

15.

WMIII Hospitality, LLC is vicariously liable for the discriminatory and retaliatory actions of Aaron Chopin, a supervisor, which caused injury to Plaintiff and which were motivated, in large part, by his desire to remove a perceived "problem employee" from the company's payroll.

16.

The Defendant is also vicariously liable for the omissions of its Human Resources Director, Ryan Holliday, who ignored Plaintiff's requests for accommodations under the ADA, presumably for similar reasons.

## VI. DAMAGES

17.

As a direct and proximate result of the Defendant's unlawful discrimination, Plaintiff has sustained both general and special damages, all of which are claimed herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that her Complaint be filed herein, that the Defendant be served with same and cited to appear and answer same, and that, after due proceedings are had, Judgment enter against the Defendant providing plaintiff with the following relief:

a) Compensatory damages in an amount, exclusive of costs and interest, to which Plaintiff is deemed entitled at the conclusion of these proceedings;

b)     Punitive and/or exemplary damages against the Defendant in whatever amount, exclusive of costs and interest, deemed appropriate herein;

c)     Interest, costs, and reasonable attorney's fees;

d)     Any and all other remedies which may be available pursuant to the ADA and/or any other applicable provision of State and/or Federal law; and

e)     Such further general and equitable relief as the Court may find appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

A. A. ADKINSON, ATTORNEY, LLC

_____

Alistair A. Adkinson (#27761)
1539 Jackson Ave., Ste. 218
New Orleans, LA 70130
(504) 309-8735 (voice)
(800) 520-4402 (fax)
Attorney for Terri Hastings

**PLEASE SERVE:**

MWIII Hospitality, LLC d/b/a
Renaissance Baton Rouge Hotel
through its registered agent:
Milford Wampold, III
4171 Essen Lane, Ste. 450
Baton Rouge, LA 70809